UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

REGINALD HERBIN,

                    Plaintiff,              **MEMORANDUM & ORDER**
                                            25-CV-4711 (EK)(PCG)
          -against-

THE CITY OF NEW YORK et al.,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Reginald Herbin brings this civil rights

action pursuant to Rev. Stat. § 1977, 42 U.S.C. § 1981 and Rev.

Stat. § 1979, 42 U.S.C. § 1983.  Representing himself, plaintiff

alleges that city and state officials used excessive force

against him, failed to intervene to prevent the use of such

force, seized his property without due process of law, and

initiated a malicious prosecution against him, and that various

medical professionals forcibly injected him with an unidentified

substance.[1]

          Plaintiff also moves to proceed *in forma pauperis*.

That motion is granted, but for the reasons that follow, only

_____

          [1] Plaintiff sues the City of New York; Kings County District Attorney
Eric Gonzalez; the NYC Department of Homeless Services ("DHS"); Charie
Crothers, DHS Special Officer, Shield No. 515; Shaquanna Meadows, DHS
Sergeant, Shield No. 977; Natalie Stewart, DHS Police Officer, Shield No.
979; John and Jane Does One through Two; the Mid-Hudson Forensic Psychiatric
Center; Dr. John Doe, NYC Department of Mental Health & Hygiene; Dr. Jane
Doe, NYC Department of Mental Health & Hygiene; Christopher W. Hoyt; Timothy
Richard; and former Mayor Eric Adams.

plaintiff's Section 1983 claims for excessive force, failure to intervene, and deprivation of property without due process will be permitted to proceed. Plaintiff's Section 1981 claim and 1983 claim for malicious prosecution are dismissed, as are defendants DHS, the City, Hoyt, Richard, Adams, and Gonzalez.

## I.   Background

The Court draws the following facts from the complaint and presumes their truth for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

On August 10, 2022, plaintiff was "assaulted" while trying to enter a homeless shelter located at 146 Clay Street in Brooklyn. Compl. ¶¶ 24-25, ECF No. 6. DHS officers searching his belongings confiscated certain items and refused to return them. *Id.* ¶ 25. They "ripped" jewelry and a religious head covering from plaintiff's body, sprayed him with pepper spray, and used their "handcuffs as a weapon by cuffing only one wrist, [and] then drag[ging], jerk[ing], and twist[ing]" plaintiff's arm, which resulted in two broken bones. *Id.* ¶¶ 25-26.

Plaintiff was subsequently admitted to the Mid-Hudson Forensic Psychiatric Center, where John and Jane Doe doctors "forcibly injected" plaintiff with an unidentified substance and engaged in "further assaults" to keep him there against his will. *Id.* ¶ 30. He was also arraigned on criminal charges, including assault, in the New York Supreme Court for Kings

2

County.  *Id.* ¶ 22.  Plaintiff alleges that the case is a malicious prosecution and that his court-appointed attorneys — Hoyt and Richard — waived his grand jury appearance without his knowledge.  *Id.*

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[2]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  A district court will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

### III. Discussion

Plaintiff's Section 1981 claim is dismissed.  His Section 1983 claims for excessive force, failure to intervene, and deprivation of property without procedural due process may proceed.  But defendants DHS, the City, Hoyt, Richard, Adams, and Gonzalez are dismissed, as is his Section 1983 malicious prosecution claim.

Section 1981 "prohibit[s] certain forms of discrimination based on race," *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir. 1988), but the complaint includes no allegations regarding plaintiff's race, let alone allegations of racial discrimination.  Accordingly, plaintiff's Section 1981 claim is dismissed.

Plaintiff's Section 1983 claims are dismissed as to DHS, which cannot be sued in its own name.  Under the New York City Charter, damages actions against a city agency must be brought "in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter § 396; *see also Shenxia v. N.Y.C. Dep't of Homeless Servs.*, No. 24-CV-5082, 2024 WL 4556002, at *1 (S.D.N.Y. Oct. 23, 2024) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).  DHS is therefore dismissed as a defendant.

Plaintiff also does not plead a viable Section 1983 claim against the City.  To state a Section 1983 claim against a municipality, a plaintiff must show that the alleged constitutional violation was the result of a municipal policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff does not allege the existence of any such policy or custom.  Indeed, plaintiff alleges that the DHS officers acted "in contravention of NYPD policies and procedures."  Compl. ¶ 25.  The City is therefore also dismissed as a defendant.

Plaintiff's Section 1983 claims against Hoyt and Richard are also dismissed.  "Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under the color of state law."  *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014).  And courts in this circuit "consistently hold[] that a court appointment of a private individual is not sufficient to establish state action."  *Duboys ex rel. Duboys v. Bomba*, 199 F. Supp. 2d 166, 170 (S.D.N.Y. 2002), *aff'd*, 62 F. App'x 404 (2d Cir. 2003).

Plaintiff also identifies former Mayor Adams as a defendant.  Compl. ¶ 7.  But he does not allege Adams's "personal involvement . . . in [the] alleged constitutional deprivations," which is "a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

5

1994).  Accordingly, any Section 1983 claim against Adams is also dismissed.

Finally, Plaintiff's Section 1983 claim for malicious prosecution against District Attorney Gonzalez is dismissed. The doctrine of prosecutorial immunity shields Gonzalez from liability under Section 1983: "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity . . . exists for those prosecutorial acts intimately associated with the judicial phase of the criminal process." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022) (emphasis omitted).  And, although plaintiff cursorily alleges that the New York Supreme Court lacked jurisdiction over his criminal case, Compl. ¶ 20, he does not allege any facts to support that claim.

To the extent that plaintiff seeks this Court's intervention in the ongoing criminal proceedings, *see id.*, the Court will not do so.  "[F]ederal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris,* 401 U.S. 37, 43–45 (1971)).  Indeed, *Younger* abstention is required when "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional

6

claims." *Id.* at 75. Clearly, there is an important state interest in enforcing the criminal laws and plaintiff has offered no reason why he is unable to raise his federal constitutional claims in state court.

### IV. Conclusion

For the foregoing reasons, the motion to proceed *in forma pauperis* is granted. Plaintiff's Section 1981 claim is dismissed, as are his claims against the City, DHS, Hoyt, Richard, Adams, and Gonzalez. No summons shall issue against those defendants. Plaintiff's Section 1983 claims against DHS, Hoyt, Richard, and Gonzalez are dismissed with prejudice. His Section 1981 claim and Section 1983 claims against the City and Adams are dismissed without prejudice. Plaintiff may, within thirty days of this order, file an amended complaint that corrects the deficiencies with those claims identified herein. He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 25-CV-4711 (EK)(PCG).

Plaintiff's Section 1983 claims for excessive force, failure to intervene, and deprivation of property without procedural due process against Crothers, Meadows, Stewart, the Mid-Hudson Forensic Psychiatric Center, and the John and Jane Doe defendants may proceed for now. The Court respectfully

directs the Clerk of Court to issue a summons to Crothers, Meadows, Stewart, and the Mid-Hudson Forensic Psychiatric Center, and directs the United States Marshals Service to serve copies of the complaint, this order, and the summons on those defendants without prepayment of fees.

However, the Court cannot direct service on the John or Jane Doe defendants. The Court therefore directs Corporation Counsel to ascertain and produce, on or before May 14, the full names and service addresses of the John Doe and Jane Doe officers allegedly involved in the events that occurred at 146 Clay Street, Kings County, on August 10, 2022, at approximately 10:55 p.m., as well as the full names and service addresses of the John and Jane Doe doctors who allegedly "forcibly injected" plaintiff "against his will" upon his admission to Mid-Hudson Forensic Psychiatric Center. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to

mail a copy of this order to plaintiff and to note the mailing on the docket.


                    SO ORDERED.


                                        /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge


Dated:      April 14, 2026
            Brooklyn, New York